PEOPLE v TURNER

Docket No. 78-2444. Submitted June 20, 1979, at Detroit.—Decided
    September 19, 1979.

> Halbert G. Turner was convicted, on his plea of guilty, of carry-
> ing a concealed weapon, Monroe Circuit Court, James J. Kelley,
> Jr., J. Sentencing was adjourned for six months to provide
> additional time to determine a proper sentence. Subsequently,
> sentencing was deferred two more times and the defendant was
> ultimately sentenced to prison two years and three months
> after the conviction. Defendant appeals, alleging that under a
> statute the trial court had one year to pronounce sentence and
> that by delaying sentencing for more than a year beyond the
> one-year statutory period the court lost its jurisdiction over the
> defendant. *Held:*
>
> There is nothing in the record to indicate that the court was
> unable to pass sentence for any unavoidable reason after the
> initial six-month deferment. The sentence was invalid.
>
> Defendant's conviction is affirmed, but the sentence is va-
> cated.

CRIMINAL LAW — SENTENCING — DELAY IN SENTENCING — WAIVER —
    STATUTES.

> A trial court which delayed sentencing of a defendant for over
> two years, where nothing in the record indicates that the court
> was unable to pass sentence for any unavoidable reason after
> an initial six-month deferment, thereby lost jurisdiction to
> sentence the defendant; consent by the defendant to repeated
> adjournments does not constitute a waiver of the statutory
> requirement that a defendant be sentenced within one year of
> his conviction (MCL 771.1; MSA 28.1131).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *John T. Marunick,* As-
sistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 555.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: BASHARA, P.J., and D. E. HOLBROOK, JR. and J. C. DANER,* JJ.

BASHARA, P.J. Defendant appeals from a maximum jail sentence imposed more than two years after his plea-based conviction of carrying a concealed weapon, contrary to MCL 750.227; MSA 28.424.

On November 3, 1975, defendant pled guilty to possession of brass knuckles. On December 12, 1975, sentencing was adjourned to May 6, 1976, in order to provide more time within which a proper sentence could be determined.

Sentencing was then adjourned to October 28, 1976, at which time defendant's counsel suggested that the court defer sentencing until a later date since defendant had been in no further difficulty with the law.

The following colloquy took place between the court, defense counsel and defendant:

"MR. MCCORMICK: Do you have any objection to continuing this and see—in order to determine a suitable and proper sentence, Mr. Turner?

"MR. TURNER: Okay. No objection.

"THE COURT: Let's assume, Mr. Turner, that you have the right to have sentence imposed within one year from the date of your conviction. Do you understand that right?

"MR. TURNER: Yes, sir.

"THE COURT: Are you giving up that right?

"MR. TURNER: Yes sir."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Sentencing was then set for November 1, 1977, on which date it was again deferred.

On February 15, 1978, a bench warrant was issued and on February 23, defendant was sentenced to 40-60 months for the original offense.

The court, in deferring sentence, was apparently relying on MCL 771.1; MSA 28.1131, which provides in pertinent part:

"In any case in which the court may place the defendant on probation, it may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order setting forth the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period."

Defendant claims that delaying sentencing one year and three months beyond the one-year statutory period resulted in loss of jurisdiction.

The question of delayed sentencing is not a new one in Michigan jurisprudence. In *People v Reilly,* 53 Mich 260; 18 NW 849 (1884), the Michigan Supreme Court upheld a sentence imposed eight months after conviction. However, Justices CHAMPLIN and CAMPBELL expressed doubt that a court could always suspend sentence for good cause for a reasonable length of time after conviction.

In *People v Kennedy,* 58 Mich 372; 25 NW 318 (1885), the Court indicated that a sentence could be deferred for a reasonable period and for a proper purpose, however, jurisdiction is lost after the time of maximum possible sentence passes.

(Sentencing had taken place six months after conviction in this instance.)

In *People v Jagosz*, 253 Mich 290; 235 NW 160 (1931), sentence was imposed 63 days after conviction. Although cause for the delay was not shown, the Court held there was no error in the delay.

These earlier viewpoints can be considered codified in the sentencing statute previously cited.[1] Only one case has addressed the issue of delay since the statute was enacted. In *People v McLott*, 70 Mich App 524; 245 NW2d 814 (1976), a panel of this Court found jurisdiction was not lost when sentence was imposed 13 days beyond the one-year period.

In interpreting the statute, the Court held that jurisdiction would not be lost in every instance where the statutory time period was exceeded. An analogy was drawn to the 180-day rule and the requirement of a good faith effort. It was emphasized, however, that the time limitation could be exceeded only in the most limited circumstances.

In the case at bar, the facts differ greatly from the above cases. Sentencing was adjourned five times over a lengthy period. Nothing in the record indicates that the trial judge was unable to sentence defendant for any unavoidable reason after the initial deferment.

The prosecution places great emphasis on the fact that defense counsel requested the delay and defendant acquiesced at each adjournment. The prosecutor claims consent constitutes a waiver of the one-year requirement, citing *In re Tinholt*, 223 Mich 483; 194 NW 131 (1923). In that case, defendant agreed to have sentencing postponed indefi-

---

[1] The language limiting the period of time of delay between conviction and sentence was added September 8, 1961, after the *Jagosz* case was decided.

nitely. Four months later he was sentenced (five months after conviction). The Court held that by consenting defendant waived the right to complain, but indicated that a delay could not be unreasonable.[2]

Waiver of the right to be sentenced by consenting to a delay is meaningless. Such a consent is inherently unsound since a defendant, as a practical matter, will always opt for freedom. Furthermore, the question of retention or loss of jurisdiction should not depend solely on the consent or waiver of the defendant. See *People ex rel Harty v Fay,* 10 NY2d 374; 179 NE2d 483 (1961).[3]

Court administration and public interest demand avoidance of protracted delay. Finality should be encouraged in criminal prosecutions.

The defendant also has an interest in having judgment pronounced. Until sentenced, defendant cannot be eligible for pardon or commutation of sentence or bring an appeal.

If sentencing can be delayed for one year and three months beyond the statutory limits, it can be delayed forever. See *People v Reilly, supra,* at 263. The trial court cannot simply postpone sentencing and retain jurisdiction, except in the most limited and unusual of circumstances. Those circumstances were not present in this case.

The effect of this opinion is not, however, to reverse defendant's conviction. A careful reading of the hereinbefore enumerated statute and *People v McLott, supra,* convince us that the unautho-

[2] The people also cite *People v Cordell,* 309 Mich 585; 16 NW2d 78 (1944). That case is inapplicable since sentence had already been imposed but was suspended on defendant's request so he could enter the armed services. The court was held to retain jurisdiction to reinstate the sentence upon defendant's return.

[3] Numerous jurisdictions have concluded that an indefinite or protracted failure to pronounce sentence results in a loss of jurisdiction. See *People v Fay, supra,* at 377.

rized delay deprives the court only of jurisdiction to sentence. The defendant remains convicted of the crime and subject to any collateral consequences thereafter.

Defendant's conviction is affirmed. His sentence is hereby vacated.