PEOPLE v DUBIS

Docket No. 84877. Submitted June 27, 1986, at Grand Rapids. Decided March 16, 1987.

Jerome B. Dubis pled guilty in the Kent Circuit Court on March 12, 1983, to delivery of cocaine. The trial court, R. Stuart Hoffius, J., sentenced defendant on September 18, 1984, to from seven and one-half to twenty years imprisonment. Defendant appealed and the Court of Appeals remanded the case to the trial court to supplement the record to determine whether there was sufficient reason for the delay in sentencing. Unpublished opinion per curiam of the Court of Appeals, decided November 21, 1986 (Docket No. 84877). On remand, the trial court found the delay to be for just cause as it worked to defendant's advantage and, perhaps, was even instigated by defendant.

After remand, the Court of Appeals *held:*

Nothing in the record establishes the most limited and unusual of circumstances which would justify a delay of sentencing beyond the statutory maximum of one year. There was nothing unique about this case which would support the conclusion that delay in sentencing beyond one year was necessary.

Conviction affirmed and sentence vacated.

1. Criminal Law — Sentencing — Delayed Sentencing.

Sentencing of a criminal defendant may be delayed for up to one year; a trial court is not necessarily deprived of jurisdiction where it violates the one-year rule, if there is a showing of good cause for the delay; however, it is only in the most limited and

References

Am Jur 2d, Criminal Law §§ 526, 580 *et seq.*

What constitutes "unreasonable delay" within meaning of Rule 32(a)(1) of Federal Rules of Criminal Procedure, providing that sentence shall be imposed without unreasonable delay. 52 ALR Fed 477.

Consideration of, or failure to raise or consider, question on appeal from conviction or on postconviction remedy, as precluding its consideration on subsequent motion to vacate sentence under 28 USC § 2255. 10 ALR Fed 724.

Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

unusual circumstances that a delay beyond one year in sentencing is justified (MCL 771.1; MSA 28.1131).

2. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

A delay in sentencing cannot be justified because it was requested by defense counsel or because the defendant acquiesced at each adjournment in sentencing.

3. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING — APPEAL.

A defendant's sentence may be vacated on appeal where the trial court lacked jurisdiction to sentence the defendant because of a delay in sentencing of over one year; however, the defendant remains convicted of the crime and subject to any collateral consequences arising from the conviction (MCL 771.1; MSA 28.1131).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*George S. Buth* and *James R. Rinck,* for defendant on appeal.

AFTER REMAND

Before: R. B. BURNS, P.J., and R. M. MAHER and F. D. BROUILLETTE,* JJ.

PER CURIAM. Defendant pled guilty to delivery of cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), on March 12, 1983. He was not sentenced until September 18, 1984.

On the original submission, this Court remanded the case to the trial court to supplement the record to determine whether there was sufficient reason for the delay in sentencing. *People v Dubis,* unpublished opinion per curiam of the Court of Appeals, decided November 21, 1986 (Docket No.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

84877). The trial court has held the hearing on remand and the matter is now before us for final disposition.

Sentencing may be delayed for up to one year. MCL 771.1; MSA 28.1131. Where the trial court violates the one-year rule, it is not necessarily deprived of jurisdiction if there is a showing of good cause for the delay. *People v McLott,* 70 Mich App 524; 245 NW2d 814 (1976); *People v Baker,* 120 Mich App 89; 327 NW2d 403 (1982). However, it is only in the most limited and unusual circumstances that a delay beyond one year in sentencing is justified. *People v Turner,* 92 Mich App 485; 285 NW2d 340 (1979).

At the conclusion of the hearing on remand, Judge Hoffius concluded that the present case was distinguishable from *Turner, supra.* However, Judge Hoffius failed to state on the record any facts which distinguish this case from *Turner.* Indeed, the trial court found the delay in the instant case to be for just cause as it worked to defendant's advantage and, perhaps, was even instigated by defendant, who wished to have his subsequent cooperation with the police in other cases taken into consideration when he was eventually sentenced in the case at bar. However, the *Turner* Court clearly rejected the argument that a delay in sentencing can be justified because it was requested by defense counsel or because the defendant acquiesced at each adjournment in sentencing. *Turner, supra,* p 488.

While Judge Hoffius may be able to distinguish this case from *Turner,* we cannot. Nothing in the record before us establishes that "most limited and unusual of circumstances" that the *Turner* Court spoke of in justifying a delay of sentencing beyond the statutory maximum of one year. *Turner, supra,* p 489. While the trial court may be correct

that it was to defendant's advantage to have sentencing delayed as long as possible, that is probably true in most cases. We can find nothing unique about this case to conclude that delay in sentencing beyond one year was necessary.

Defendant's sentence is vacated as the court lacked jurisdiction to sentence. However, defendant remains convicted of the crime and subject to any collateral consequences arising from that conviction. *Turner, supra,* pp 489-490.