PEOPLE v BOYNTON

Docket No. 119180. Submitted August 9, 1990, at Detroit. Decided
    October 2, 1990.

Rufus L. Boynton was convicted of carrying a concealed weapon
    in a motor vehicle, Detroit Recorder's Court, Wendy M. Baxter,
    J. Sentencing was delayed for one year pursuant to MCL
    771.1(2); MSA 28.1131(2). For unexplained reasons, the sentenc-
    ing hearing was not held until one year and two days later, at
    which time the court found that defendant had fulfilled the
    conditions of his delayed sentence and granted defendant's
    motion to dismiss the case. The people appealed.

    The Court of Appeals held:

    Pursuant to the statute, sentencing may be delayed for up to
    one year. Beyond that, the trial court loses jurisdiction to
    sentence the defendant, unless good cause is shown for the
    delay. However, an unexcused violation of the one-year limit
    affects only the court's authority to sentence the defendant,
    nothing more. In this case, there being no good reason apparent
    for the delay beyond the one-year limit, the court lost jurisdic-
    tion to sentence defendant. However, the delay did not give the
    court reason to dismiss defendant's conviction. A court's power
    to dismiss or expunge a properly obtained criminal conviction
    requires following a very detailed set of prerequisites and
    specific procedural steps, none of which were followed in this
    case. The trial court's order of dismissal is vacated and defen-
    dant's conviction is reinstated.

    Reversed.

CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

    A trial court may delay sentencing for a period of up to one year
    a defendant convicted of a crime for which he may be placed on
    probation; if the defendant is not sentenced within that one-
    year period and there is no good reason for the delay, the court
    loses jurisdiction to sentence the defendant; it is only the
    court's jurisdiction to sentence which is affected by the delay,

REFERENCES

Am Jur 2d, Criminal Law § 526.

Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

however; the defendant remains convicted of the crime and subject to any collateral consequences arising from the conviction (MCL 771.1[2]; MSA 28.1131[2]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

*Sasse & Reed* (by *Kenneth R. Sasse*), for defendant.

Before: REILLY, P.J., and CYNAR and WAHLS, JJ.

PER CURIAM. On May 17, 1988, following a bench trial, defendant was found guilty of carrying a concealed weapon in a motor vehicle. MCL 750.227; MSA 28.424. On June 13, 1988, the trial court ordered sentencing delayed under MCL 771.1(2); MSA 28.1131(2), and rescheduled it for June 13, 1989. For unexplained reasons, the sentencing hearing was not held until June 15, 1989, at which time the court found that defendant had fulfilled the conditions of his delayed sentence and granted defendant's motion to dismiss the case. The prosecution appeals as of right, arguing that the trial court was without authority to dismiss defendant's conviction since the court lost jurisdiction over the case by acting more than one year after imposition of its order delaying sentence. We reverse.

Defendant asserts that the prosecutor, who apparently was not present at the June 15 hearing, has waived this issue by failing to object below. However, jurisdictional defects may be raised at any time. *People v Price,* 126 Mich App 647, 655; 337 NW2d 614 (1983).

Pursuant to MCL 771.1(2); MSA 28.1131(2), sentencing may be delayed for up to one year. Beyond that, the trial court loses jurisdiction to sentence the defendant, unless good cause is shown for the delay. *People v Dubis,* 158 Mich App 504, 506; 405 NW2d 181 (1987). We emphasize, however, that an unexcused violation of the one-year limit contained in the delayed sentencing statute affects *only* the court's authority to sentence the defendant, nothing more. *People v Turner,* 92 Mich App 485, 489-490; 285 NW2d 340 (1979).

Since no good cause is apparent in this case for the delay beyond the one-year statutory limit, the court did lose jurisdiction to sentence defendant. However, the prosecution's concern in this appeal is with the court's dismissal of defendant's conviction, not with the court's failure to sentence defendant further. In any event, we note that the trial court's power to dismiss or expunge a properly obtained criminal conviction is specifically set forth in MCL 780.621; MSA 28.1274 (101). *People v Augustus Jones,* 94 Mich App 516, 517; 288 NW2d 411 (1979). The statute sets forth a very detailed set of prerequisites and specific procedural steps, none of which were adhered to in this case.

Consequently, we reverse and vacate the trial court's order of dismissal. Defendant's conviction is, therefore, reinstated.