PEOPLE v RICHARDS

Docket No. 140770. Submitted February 2, 1994, at Detroit. Decided
    June 6, 1994, at 9:15 A.M.

> Larry A. Richards pleaded guilty in the Oakland Circuit Court,
> David F. Breck, J., of breaking and entering an occupied
> dwelling with intent to commit larceny and of being a third-
> time habitual offender. More than one year later, after the
> defendant agreed to postponement of sentencing pending the
> submission and evaluation of proposals for rehabilitative pro-
> grams and pending the outcome of a subsequent charge of
> breaking and entering, the defendant was sentenced to impris-
> onment for three to thirty years. The defendant appealed,
> claiming that the trial court had lost jurisdiction to sentence
> him.
>
> The Court of Appeals *held:*
>
> 1. MCL 771.1(2); MSA 28.1131(2) allows a sentencing court to
> delay for a period not to exceed one year sentencing on an
> offense for which probation may be imposed and provides that
> delay in passing sentence shall not deprive the court of jurisdic-
> tion to sentence the defendant at any time during the extended
> period. By acquiescing in a postponement of sentencing beyond
> a year after conviction, a defendant waives the requirement
> that sentencing be within one year of conviction and consents
> to the sentencing court's exercise of personal jurisdiction to
> impose sentence beyond the statutory one-year period.
>
> 2. The defendant is not entitled to a sentence credit for time
> spent in a rehabilitative program because placement in the
> program did not meet the requirements of MCL 769.11b; MSA
> 28.1083(2).
>
> Affirmed.

SENTENCES — DEFERRED SENTENCING STATUTE.

> The statute that allows a court to delay sentencing for a year for
> the purpose of giving a defendant an opportunity to prove to
> the court eligibility for probation or other leniency does not

REFERENCES

Am Jur 2d, Criminal Law §§ 526, 561.
Loss of jurisdiction by delay in imposing sentence. 98 ALR3d 605.

indicate plainly that a court loses jurisdiction to sentence if delay is for more than one year; a defendant who acquiesces in a delay of more than a year waives the requirement that sentencing be within a year of conviction and consents to the court's exercise of personal jurisdiction to impose sentence beyond the statutory one-year period (MCL 771.1[2]; MSA 28.1131[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Charles M. Sibert,* for the defendant on appeal.

Before: WAHLS, P.J., and REILLY and R. M. DANIELS,* JJ.

REILLY, J. Pursuant to an agreement, defendant pleaded guilty of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and of being a third-time habitual offender, MCL 769.11; MSA 28.1083. He was sentenced to a term of three to thirty years of imprisonment. He appeals as of right. We affirm.

Defendant contends that the trial court lost jurisdiction to sentence him because the sentence was delayed for more than a year. Defendant relies on the deferred sentencing statute, MCL 771.1(2); MSA 28.1131(2), which states:

Except as provided in subsection (3), in an action in which the court may place the defendant on probation, the court may delay the imposing of sentence of the defendant for a period of not to exceed 1 year for the purpose of giving the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

patible with the ends of justice and the rehabilitation of the defendant. When the sentencing is delayed, the court shall make an order stating the reason for the delay, which order shall be entered upon the records of the court. The delay in passing sentence shall not deprive the court of jurisdiction to sentence the defendant at any time during the extended period.

Defendant contends that the one-year period can only be exceeded in limited and unusual circumstances and after good cause is shown.

Defendant pleaded guilty on February 15, 1990. The parties began discussing sentencing at that time. However, the court decided to postpone sentencing until March 22, 1990, so that proposals for rehabilitation programs could be submitted. On March 22, 1990, the court entered an order delaying defendant's sentence to December 13, 1990, and requiring defendant to enroll in a rehabilitation program. Defendant was discharged from that program on August 27, 1990. On October 12, 1990, defendant was arrested for breaking and entering and was incarcerated in the Oakland County Jail.

On December 13, 1990, a probation department representative asked the court for an adjournment because defendant's other offense had not been resolved. When asked by the court if he wanted the delay, defendant replied, "Yes." The court adjourned the proceeding until January 24, 1991.

On January 24, 1991, defendant explained to the court that the other case had not been resolved. The court adjourned the sentencing until February 7, 1991.

The record does not indicate what, if anything, transpired on February 7, 1991. The next record of proceedings occurred on February 28, 1991. On this date, defendant advised the court that his

trial in the other offense was set for March 21, 1991. The following discussion then occurred:

> *The Court:* You want me to postpone sentencing you until I see the outcome of that case, is that right?
> *Mr. Richards:* Yes sir.
> *The Court:* Do you understand that any time running is against—cannot be used against the Prosecutor? It's time that you're asking me to delay a matter.
> *Mr. Richards:* Yes, Your Honor.
> *The Court:* I'll adjourn this to April 11th to see what happens in the case before Judge Cooper and if there's any reason to bring it back sooner, we can do that.

On April 2, 1991, defendant was convicted in Judge Cooper's courtroom of breaking and entering an occupied dwelling and of being a fourth-time habitual offender. On April 11, 1991, the prosecutor informed the court that Judge Cooper had imposed a seven- to twenty-year sentence for the habitual offender conviction that was to be consecutive to the sentence the court had not yet imposed. The court stated that it was not ready to proceed because of some confusing information in the file and because it wanted to consider the sentence imposed by Judge Cooper. Defendant acquiesced in the adjournment. On April 18, 1991, approximately fourteen months after defendant pleaded guilty, the court imposed defendant's sentence.

In *People v McLott,* 70 Mich App 524; 245 NW2d 814 (1976), this Court explained that the deferred sentencing statute does not indicate that jurisdiction is necessarily lost when sentencing is delayed beyond a year.

The deferred sentencing statute is not as plain

and unambiguous as defendant would have us believe. It states that the court *does not lose* jurisdiction to sentence if sentencing is completed within one year. It does not forthrightly state that jurisdiction is lost if for some reason, particularly if the reason be sound or unavoidable, sentencing is postponed beyond the year deadline. Thus, it is only inferentially that one arrives at a conclusion that in every instance jurisdiction is lost. We also note that when carefully read the statute grants a one-year delay "for the purpose of giving the defendant an opportunity to prove to the court his eligibility for probation or such other leniency as may be compatible with the ends of justice." Thus, the statute does not speak to whether an additional delay can be granted for some other purposes such as allowing a trial judge to recover from illness. Accordingly, there is room for construction of the statute. Neither logic nor precedent based upon analogous situations leads us to conclude that the Legislature intended that jurisdiction is irretrievably lost in every situation where the delay in sentencing exceeds one year. [*Id.* at 528-529. Emphasis in original.]

However, the panel stated that "prompt and efficient administration of justice" mandated a strict interpretation of the statute such that the one-year period could be exceeded "in only the most limited circumstances." *Id.* at 530-531. Subsequent decisions of this Court have held that "absent good cause," a delay of more than a year in sentencing deprives the court of jurisdiction. *People v Boynton,* 185 Mich App 669; 463 NW2d 174 (1990); see also *People v Dubis,* 158 Mich App 504; 405 NW2d 181 (1987); *People v Turner,* 92 Mich App 485; 285 NW2d 340 (1979) (authority to sentence beyond the one-year limitation is permitted only in the "most limited and unusual circumstances").

The prosecution argues that defendant waived the one-year limitation by requesting adjourn-

ments so that the court could consider the outcome of the case before Judge Cooper. We agree.

Before the enactment of the deferred sentencing statute, our Supreme Court held that a defendant's consent to an indefinite delay in sentencing waived his right to assert that the delay resulted in a loss of jurisdiction. *In re Tinholt,* 223 Mich 483, 484; 194 NW 131 (1923). In that case, Tinholt consented to an indefinite postponement of sentencing. Approximately four months later, he was notified to appear for sentencing. He contended that the court lost jurisdiction by the "indefinite and unreasonable postponement of sentence." The Court held:

> By consenting, [Tinholt] has waived the right to complain of indefinite postponement. Assuming that, though the agreed postponement was indefinite, the delay thereunder should not be unreasonable, we find, under the circumstances, no unreasonable delay. [*Id.*]

However, in interpreting the one-year requirement of the deferred sentencing statute, a panel of this Court rejected the argument that defendant's consent to adjournments constituted a waiver of the claim of loss of jurisdiction. After discussing *Tinholt,* the *Turner* panel stated:

> Waiver of the right to be sentenced by consenting to a delay is meaningless. Such a consent is inherently unsound since a defendant, as a practical matter, will always opt for freedom. Furthermore, the question of retention or loss of jurisdiction should not depend solely on the consent or waiver of the defendant. [92 Mich App 489.]

In *Dubis, supra,* another panel of this Court, following *Turner,* also rejected the argument that a

delay was for just cause because it worked to the defendant's advantage and may have been instigated by him.

We disagree with the reasoning of *Turner* and *Dubis*. First, we find no indication in the deferred sentencing statute that the Legislature intended to preclude a defendant's waiver of the one-year requirement. As discussed in *McLott,* the statute provides that the court does not lose jurisdiction for a one-year period. By inference, that jurisdiction may be lost when the one-year period is exceeded. *McLott, supra* at 529. Even *Turner* and *Dubis* recognize that the one-year period may be exceeded in the "most limited and unusual circumstances." However, there is no support for a further inference that a defendant may not waive the one-year requirement and consent to the jurisdiction of the court for the purpose of sentencing.

Secondly, we believe that the phrase "jurisdiction to sentence the defendant" in subsection 2 refers to the trial court's jurisdiction over a particular defendant, i.e., personal jurisdiction, as opposed to the court's power over a class of cases, i.e., subject-matter jurisdiction. "It is a fundamental principle that defects in personal jurisdiction may be waived, whereas subject-matter jurisdiction may not be waived and may be raised at any time." *People v Smith,* 438 Mich 715, 724; 475 NW2d 333 (1991) (opinion of BOYLE, J. discussing whether a guilty plea waives a violation of the 180-day rule, followed by this Court in *People v Irwin,* 192 Mich App 216; 480 NW2d 611 [1991]).

Moreover, we disagree with the statements in *Turner,* that consent to a delay is "inherently unsound" and "meaningless." These characterizations of a waiver of the delay are impossible to reconcile with the Supreme Court's holding in *Tinholt,* as recognized by another panel of this

Court in *People v Baker,* 120 Mich App 89, 94-95; 327 NW2d 403 (1982). Although the deferred sentencing statute was not in effect at the time *Tinholt* was decided, the Court's decision that the defendant waived the right to complain that the postponement resulted in loss of jurisdiction indicates that a defendant's consent to a delay in sentencing can be effective as a waiver.[1]

In summary, we are convinced that a defendant may waive the one-year requirement and consent to the personal jurisdiction of the court for the purpose of sentencing. Accordingly, we decline to follow *Turner* and *Dubis* to the extent that they hold that a defendant's consent to a delay in sentencing does not constitute a waiver.[2] On the basis of the record before us, we conclude that the defendant waived the one-year requirement and consented to the court's exercise of personal jurisdiction over him.

In regard to defendant's second issue, we hold that defendant was not entitled to credit for the time spent in the rehabilitation program before sentencing because such placement did not meet the statutory requirements for credit. MCL 769.11b; MSA 28.1083(2); *People v Whiteside,* 437 Mich 188; 468 NW2d 504 (1991).

Affirmed.

---

[1] We also note that *Turner* and *Dubis* are distinguishable from the present case because the defendant in this case was incarcerated at the time he consented to the delay. Accordingly, defendant's consent was not simply "opt[ing] for freedom." *Turner, supra* at 489.

[2] We note that our decision is consistent with *Tinholt,* as well as a decision of the United States Supreme Court, *Miller v Aderhold,* 288 US 206; 53 S Ct 325; 77 L Ed 702 (1933), and decisions of numerous other jurisdictions. See anno: Loss of jurisdiction by delay in imposing sentence, 98 ALR3d 605.