# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DESHON MAURICE BOYCE,

        Defendant-Appellant.

UNPUBLISHED
January 7, 2016

No. 318859
Wayne Circuit Court
LC No. 12-007519-FC

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury-trial convictions of second-degree murder, MCL 750.317; possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 50 to 75 years' imprisonment for the second-degree murder conviction, three to five years' imprisonment for the felon-in-possession conviction, and five years' imprisonment for the felony-firearm conviction. We affirm.

This case arises from the murder of Deonte Bing in Highland Park, Michigan. Bing had a history of problems, including numerous physical altercations, with William "Johnny" Adams, defendant's cousin and neighbor. On the day of the murder, Bing was upset and cursing at an unidentified person on the telephone, and he told family members that he was going over to Adams's house.

Gunshots rang out shortly thereafter, and Bing's family members rushed to the nearby scene, where they saw Bing lying on the ground. The current Highland Park Police Chief, Kevin Coney, was in the area, and he drew his weapon and attempted to intervene in the shooting. He saw Bing on the ground and a man in a "long green coat" standing over him, firing shots into him with a long gun. A witness testified that at the time of the incident defendant was wearing a robe that was "either green or blue or a dark color." Prior testimony of Byron Davis was introduced in which he identified defendant as the man who shot Bing. A second man, who matched Adams's description, shot at Chief Coney and wounded him. Witnesses saw defendant and the second shooter get into a blue Suburban and drive away.

-1-

# I. PROSECUTORIAL MISCONDUCT

Defendant first contends that the prosecutor committed misconduct by introducing at trial prior statements from witness Davis that allegedly were either wholly inadmissible or exceeded the bounds of MRE 801(d)(1)(C); defendant contends that the misconduct impermissibly swayed the jury to credit the inadmissible statements rather than Davis's actual testimony at trial.

A defendant must "contemporaneously object and request a curative instruction" to preserve an issue of prosecutorial misconduct for appellate review. *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Defense counsel opined during a hearing on the prosecution's motion to admit Davis's prior statements that the statements were inadmissible, but she never raised the issue in a prosecutorial-misconduct context and did not request a curative instruction. Thus, the issue is not preserved for appellate review. See *id*.

We review unpreserved claims of prosecutorial misconduct for plain error affecting substantial rights. *People v Gaines*, 306 Mich App 289, 308; 856 NW2d 222 (2014). To obtain relief, a defendant must establish that "1) error . . . occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error affected the defendant's substantial rights if it prejudiced the defendant by affecting the outcome of the trial. *Id*. Even if a defendant can satisfy all three requirements, appellate reversal is warranted only when the plain error resulted in the conviction of an actually innocent defendant or when the error seriously affected the "fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (citation and quotation marks omitted).

"The decision to admit evidence is within a trial court's discretion, which is reviewed for an abuse of that discretion." *People v Bynum*, 496 Mich 610, 623; 852 NW2d 570 (2014). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). "When the decision regarding the admission of evidence involves a preliminary question of law, such as whether a statute or rule of evidence precludes admissibility of the evidence, the issue is reviewed de novo." *People v Washington*, 468 Mich 667, 670-671; 664 NW2d 203 (2003). "A trial court necessarily abuses its discretion when it makes an error of law." *Duncan*, 494 Mich at 723.

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). We evaluate claims of prosecutorial misconduct on a case-by-case basis, and we examine the prosecutor's conduct in context and in light of the entire record. *People v Roscoe*, 303 Mich App 633, 648; 846 NW2d 402 (2014). A prosecutor's good-faith attempt to admit evidence does not constitute misconduct. *Dobek*, 274 Mich App at 70. A prosecutor is entitled to attempt to introduce evidence that he or she "legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660–661; 608 NW2d 123 (1999). A prosecutor, therefore, does not act in bad faith if the proffered evidence is arguably admissible. *Dobek*, 274 Mich App at 70.

Davis, Adams's friend and defendant's acquaintance, was at a house on West Grand Street on the day of the murder. He originally implicated defendant at Adams's trial on October 12, 2011, but then gave a completely different account at defendant's preliminary examination on August 2, 2012. Davis's testimony at defendant's trial once again differed markedly. The prosecutor successfully moved to admit his prior statements from Adams's trial and defendant's preliminary examination.

As an initial consideration, defendant fails to establish that the prosecutor's repeated references to Davis's prior testimony constituted misconduct. All of the statements were arguably admissible—a conclusion supported by the rulings of the district court judge at the preliminary examination and the judge at trial—and there is nothing in the record to indicate that the prosecutor's efforts to admit them were made in anything other than good faith. See *id*. Further, the prosecutor's decision to introduce the three different versions of events to which Davis testified did not, as defendant argues on appeal, impermissibly "bolster" Davis's inculpatory statements about defendant; instead, it highlighted the fact that drastic differences existed between Davis's prior testimony and his testimony at defendant's trial, casting doubt on aspects of his testimony. See, generally, *People v McGhee*, 268 Mich App 600, 630; 709 NW2d 595 (2005) (a prosecutor may argue from the facts that a witness should or should not be believed). Defendant fails to show plain error. It is clear from the substance of defendant's brief on appeal, however, that his complaint is more properly understood as one addressing the actual admissibility of the statements rather than the prosecutor's use of them, and we will therefore analyze the issue through that context.

Generally speaking, hearsay—an out-of-court statement offered for the truth of the matter asserted—is inadmissible. MRE 801; MRE 802. However, MRE 801(d)(1)(C) "permits the use of any prior statement of identification by a witness as nonhearsay, provided the witness is available for cross-examination." *People v Malone*, 445 Mich 369, 377; 518 NW2d 418 (1994). The rule "does not require laying a foundation other than that the witness is present and found to be available for cross-examination." *Id*. Further, identifying statements under MRE 801(d)(1)(C) are admissible regardless of whether the witness denies or affirms the identification at trial. *Id*. This Court has held, however, that descriptive statements of a person's appearance are not necessarily statements of identification under the rule. See *People v Sykes*, 229 Mich App 254, 270-273; 582 NW2d 197 (1998) (noting that a witness's discussion about the race, age, height, weight, clothing, and hairstyle of a suspect, without identifying a particular individual, did not constitute statements of identification under MRE 801(d)(1)(C)).

Several of the prior statements that the prosecutor introduced at defendant's trial were statements of identification for purposes of MRE 801(d)(1)(C). Specifically, Davis's statements at Adams's trial identifying defendant by name as the first shooter and identifying defendant and "the other boy" as the people who jumped in the Suburban and drove away came within the rule's ambit because they referred to an identification of defendant after Davis saw him on the

day of the murder. MRE 801(d)(1)(C).[1] However, his previous statements from Adams's trial that he knew defendant from the neighborhood and that defendant lived on Grand Street, along with all of his previous testimony from defendant's preliminary examination (which essentially and repeatedly indicated uncertainty or lack of recall of everything to which he had testified at Adams's trial) were not statements of identification. Assuming without deciding that Davis's earlier testimony providing a physical description of defendant and his statement that defendant was wearing a long green robe on the day of the murder were also not statements of identification, then only his statements identifying defendant as the first shooter and as one of the men who jumped into the Suburban were admissible under MRE 801(d)(1)(C). See *Sykes*, 229 Mich App at 270-273.

This is not, however, as defendant argues on appeal, the end of the inquiry. MRE 801(d)(1)(A) provides that a witness's prior statement is not hearsay if (1) the witness testifies at the trial or hearing and is subject to cross-examination about the prior statement, (2) the prior statement is inconsistent with the witness's testimony, and (3) the prior statement was "given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition[.]" A prior inconsistent statement under MRE 801(d)(1)(A) may be used as substantive evidence, rather than simply for its impeachment value. See *Malone*, 445 Mich at 376-383. We note that the Michigan Supreme Court long ago recognized recantation testimony as "exceedingly unreliable" and of an "untrustworthy character." *People v Van Den Dreissche*, 233 Mich 38, 46; 206 NW 339 (1925) (citations and quotation marks omitted). Importantly, inconsistency for purposes of MRE 801(d)(1)(A) "is not limited to diametrically opposed answers but may be found in evasive answers, inability to recall, silence, or changes of position." *People v Chavies*, 234 Mich App 274, 282; 593 NW2d 655 (1999) (citations and quotation marks omitted), vacated in part on other grounds by *People v Williams*, 475 Mich 245; 716 NW2d 208 (2006).

Davis was under oath and subject to cross-examination at defendant's trial. See MRE 801(d)(1)(A). Davis made prior statements regarding defendant at Adams's trial and defendant's preliminary examination, and he made them while under oath and subject to the penalty of perjury. See *id*. Accordingly, the prior statements were admissible under MRE 801(d)(1)(A) if his testimony at defendant's trial was inconsistent with the prior statements.

Upon direct examination at defendant's trial, Davis testified that he had never seen the first shooter before,[2] which was inconsistent with his claim at Adams's trial that the first shooter was defendant ("Shon"), a man he knew from the neighborhood who lived on Grand Street. Davis also testified at defendant's trial that he could not say what the shooter looked like or what he was wearing, which was inconsistent with his testimony from Adams's trial that defendant—

---

[1] Defendant frames his appellate issue as one involving "prior testimony," but we note that the statement of identification made to an investigator (see footnote 2, *infra*) was also admissible under MRE 801(d)(1)(C).

[2] Davis also testified to having identified defendant as the shooter for an investigator but immediately followed this up by stating that he later disclosed that he was wrong about it.

the first shooter—was wearing a long green robe during the murder and was approximately 6'1" tall with fair skin and a goatee. Additionally, Davis testified at defendant's trial that he saw the unidentified shooter leave in a truck that he had seen a few times, a claim inconsistent with his preliminary examination testimony indicating that he did not know how the shooter left the scene. As for Davis's additional statements at the preliminary examination, all of which professed ignorance or a lack of memory, they were inconsistent with his testimony at defendant's trial that he clearly remembered the shooting, had not seen defendant at the scene, had heard gunshots, knew that the shooter had a lighter complexion than defendant, and remembered how close he was to Bing during the murder. Indeed, Davis's testimony at trial was inconsistent with his pronouncement at the preliminary examination that he "[didn't] recall anything that happened last year."

Under all the circumstances and after examining the pertinent testimony, we find no basis for reversal with regard to the admission of the challenged evidence.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant contends that defense counsel's failure to object to the introduction of the prior statements fell below an objective standard of reasonableness and that defendant was thereby prejudiced. We disagree.

To preserve a claim of ineffective assistance of trial counsel for appellate review, a defendant must move for a new trial or for a *Ginther*[3] hearing in the lower court. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Defendant did not move for a new trial or a *Ginther* hearing. Therefore, this issue is unpreserved for appellate review.

"A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). "This Court reviews a trial court's findings of fact, if any, for clear error, and reviews de novo the ultimate constitutional issue arising from an ineffective assistance of counsel claim." *Id*. A finding is clearly erroneous if "the reviewing court is left with a definite and firm conviction that a mistake has been made." *Lopez*, 305 Mich App at 693 (citation and quotation marks omitted). "Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record." *Id*. (citations and quotation marks omitted).

"To prevail on a claim of ineffective assistance of counsel, a defendant must show: (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance." *People v Walker*, 497 Mich 894, 895; 855 NW2d 744 (2014). Defense counsel is not required to make a meritless objection. *People v Chelmicki*, 305 Mich App 58, 69; 850 NW2d 612 (2014).

Given our discussion above of the underlying issue, defendant has not made a showing of ineffective assistance of counsel.

---

[3] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

III. THE FELONY COMPLAINT

In his Standard 4 brief, defendant contends that the felony complaint was deficient because it lacked a sworn statement from the complaining witness and proof that the magistrate administered an oath to the complaining witness, which resulted in insufficient grounds to find reasonable cause and thereby stripped the district court of subject-matter jurisdiction. We disagree.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011) (citation and quotation marks omitted). Defendant did not assert a deficiency in the complaint or raise the issue of subject-matter jurisdiction in the trial court. Therefore, his claim regarding the felony complaint is unpreserved. See *id*. A defendant, however, may raise the issue of subject-matter jurisdiction at any time, including for the first time on appeal. *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994). The issue of the district court's subject-matter jurisdiction at defendant's preliminary examination is thus properly before us. *Id*.

As noted above, we review unpreserved issues for plain error affecting substantial rights. *Carines*, 460 Mich at 763. We review de novo questions of law, including whether a court lacked subject-matter jurisdiction. *People v Laws*, 218 Mich App 447, 451; 554 NW2d 586 (1996).

Subject-matter jurisdiction "refers to the power of a court to act and the authority a court has to hear and determine a case." *Wayne Co Chief Executive v Governor*, 230 Mich App 258, 269; 583 NW2d 512 (1998). Consequently, subject-matter jurisdiction "concerns a court's abstract power to try a case of the kind or character of the one pending and is not dependent on the particular facts of the case." *People v Lown*, 488 Mich 242, 268; 794 NW2d 9 (2011) (citations and quotation marks omitted; emphasis removed). A defendant who is arraigned on a felony charge is entitled to a preliminary examination before a magistrate in district court. See MCL 766.4(1) and (6); see also MCR 6.104(B) (providing that "[a]n accused arrested pursuant to a warrant must be taken to a court specified in the warrant") and MCR 6.110 (listing the duties of a district court during a preliminary examination).

Defendant was charged with four felonies: first-degree murder, assault with intent to commit murder, felon-in-possession, and felony-firearm. The felony warrant issued for his arrest specified that police were to immediately bring defendant before the 30th District Court. Defendant's preliminary examination was conducted in the 30th District Court on July 12, 2012, and August 2, 2012. Accordingly, regardless of the individual facts involved, the district court had subject-matter jurisdiction over defendant's case. See MCL 766.4 and *Lown*, 488 Mich at 268.

Moreover, there was no deficiency in the felony complaint. MCR 6.101 provides the requirements for a felony complaint:

(A) Definition and Form. A complaint is a written accusation that a named or described person has committed a specified criminal offense. The

complaint must include the substance of the accusation against the accused and the name and statutory citation of the offense.

(B) Signature and Oath. The complaint must be signed and sworn to before a judicial officer or court clerk.

(C) Prosecutor's Approval or Posting of Security. A complaint may not be filed without a prosecutor's written approval endorsed on the complaint or attached to it, or unless security for costs is filed with the court.

The felony complaint in this case accuses defendant of first-degree murder, assault with intent to commit murder, felon-in-possession, and felony-firearm, each with the appropriate statutory citation. The complaint also notes that the incident marked defendant's second felony-firearm offense and his third offense for purposes of habitual-offender sentencing. Further, the complaint provides the substance of the accusation against defendant—that he used a firearm to murder Bing and assault Chief Coney. Highland Park Police Detective Sergeant Brenda Perkins, who was originally the officer in charge of the case, signed the complaint. Magistrate Lawrence Chastang signed the complaint and indicated that it was subscribed and sworn to before him on June 17, 2011. Finally, Wayne County Prosecutor Lisa Screen approved the complaint by signing it. Simply put, nothing more was required to render the complaint valid and proper. See MCR 6.101. Defendant alleges that there is no evidence demonstrating that the magistrate administered an oath to Sergeant Perkins, but the complaint explicitly provides that it was *sworn* to Chastang on June 17, 2011. Defendant therefore fails to establish the factual predicate for his claim. See *People v Elston*, 462 Mich 751, 762; 614 NW2d 595 (2000) (noting that a defendant bears "the burden of furnishing the reviewing court with a record to verify the factual basis of any argument upon which reversal [is] predicated.").

Further, sufficient grounds existed for a valid finding of reasonable cause. MCL 764.1a governs felony complaints and the magistrate's finding of reasonable cause and provides, in relevant part:

(1) A magistrate shall issue a warrant upon presentation of a proper complaint alleging the commission of an offense and a finding of reasonable cause to believe that the individual accused in the complaint committed that offense. The complaint shall be sworn to before a magistrate or clerk.

(2) The finding of reasonable cause by the magistrate may be based upon 1 or more of the following:

(a) *Factual allegations of the complainant contained in the complaint.*

(b) The complainant's sworn testimony.

(c) The complainant's affidavit.

(d) Any supplemental sworn testimony or affidavits of other individuals presented by the complainant or required by the magistrate.

-7-

(3) The magistrate may require sworn testimony of the complainant or other individuals. Supplemental affidavits may be sworn to before an individual authorized by law to administer oaths. *The factual allegations contained in the complaint, testimony, or affidavits may be based upon personal knowledge, information and belief, or both.* [Emphasis added.]

The clear language of MCL 764.1a(2) provides, contrary to defendant's assertion, that a finding of reasonable cause does not require sworn testimony by a complainant. Rather, it may be based on a number of grounds, including the complainant's factual allegations. MCL 764.1a(2)(a). The felony warrant in this case lists numerous specific factual allegations of the complainant, Sergeant Perkins: defendant and Adams used firearms to murder Bing and assault Chief Coney; the incident occurred on June 8, 2011; the shootings occurred in front of 295 West Grand Street in Highland Park; defendant had previously been convicted of felony-firearm; defendant was a third-offense habitual offender; and defendant had previously been convicted of a felony. Magistrate Chastang also noted that he examined Sergeant Perkins. Thus, Sergeant Perkins's factual allegations were based on information and belief and supported by her testimony, which provided sufficient grounds for a finding of reasonable cause. See MCL 764.1a.

## IV. THE MAGISTRATE RETURN

Defendant contends in his Standard 4 brief that the examining magistrate never filed a return in the circuit court, thus preventing the trial court from exercising personal jurisdiction over him. We disagree.

Defendant did not raise the issue of an improper magistrate return or a lack of personal jurisdiction in the trial court. Thus, the issues are unpreserved. See *Danto*, 294 Mich App at 605. As already noted, we review unpreserved issues for plain error affecting substantial rights. *Carines*, 460 Mich at 763.

MCL 766.15 governs magistrate returns and provides, in pertinent part:

(1) Except as provided in subsection (2) or (3), all examinations and recognizances taken by a magistrate pursuant to this chapter shall be immediately certified and returned by the magistrate to the clerk of the court before which the party charged is bound to appear. If that magistrate refuses or neglects to return the same, the magistrate may be compelled immediately by order of the court, and in case of disobedience may be proceeded against as for a contempt by an order to show cause or a bench warrant.

Personal jurisdiction refers to "the authority of the court to bind the parties to the action." *Lown*, 488 Mich at 268 n 49 (citation and quotation marks omitted). A circuit court acquires personal jurisdiction over a defendant when a magistrate files a return after the preliminary examination is held or after the defendant waives his or her right to it. *People v Goecke*, 457 Mich 442, 458–459; 579 NW2d 868 (1998). A party may waive any defect in personal jurisdiction by stipulating or implicitly consenting to the court's jurisdiction. *Lown*, 488 Mich at 268; see also *People v Carter*, 462 Mich 206, 213-216; 612 NW2d 144 (2000) (noting that waiver is the

intentional relinquishment or abandonment of a known right and that waiving a right under a rule precludes a party from seeking appellate review of a claimed deprivation of that right).

Regardless of any potential irregularities in the magistrate return, defendant waived appellate review of the issue. Defendant was arraigned in the trial court, attended pretrial hearings, appeared in court to argue against the prosecution's pretrial motions, and was tried, convicted, and sentenced in the circuit court—all without arguing that the court lacked personal jurisdiction. Thus, defendant implicitly consented to the trial court's exercise of personal jurisdiction and waived the issue for purposes of appellate review. See *Lown*, 488 Mich at 268.

Moreover, had defendant not already waived the issue, he fails to establish any irregularity with the magistrate return. Defendant correctly asserts that the magistrate return form from the lower court file does not contain a dated stamp from the circuit court clerk. The form correctly notes, however, that defendant was bound over for trial, provides the scheduled date of his arraignment in circuit court, and is signed by the district court judge. That the arraignment did indeed take place on August 9, 2012, as scheduled, indicates that the return was properly filed in the circuit court. Further, a bindover packet certification form, signed by the district court clerk, addressed to the circuit court recorder, and stamped August 6, 2012, notes that the magistrate return is included in the packet. Defendant quite simply presents no evidence to support his claim that the magistrate failed to file a return. See *Elston*, 462 Mich at 762.

## V. THE FELONY INFORMATION

Finally, defendant contends in his Standard 4 brief that there is no evidence to show that the prosecutor filed a valid felony information in the circuit court and that, as a result, the court lacked personal jurisdiction over him. We disagree.

Defendant did not raise the issue of the prosecution's purported failure to file a felony information or the lack of personal jurisdiction in the trial court. Thus, the issues are unpreserved, see *Danto*, 294 Mich App at 605, and we review for plain error affecting substantial rights, *Carines*, 460 Mich at 763.

Initially, we reiterate that defendant implicitly consented to the trial court's exercise of personal jurisdiction on many occasions, including his arraignment, an array of pretrial conferences and hearings, and his trial and sentencing. Moreover, defendant waived a reading of the information at his arraignment in the trial court. See *People v Waclawski*, 286 Mich App 634, 704; 780 NW2d 321 (2009) (providing that "[t]he purpose of an arraignment is to provide formal notice of the charge against the accused" and that, absent waiver, the information is read to the defendant at the arraignment). Thus, defendant has waived the issue for appellate review. See *Lown*, 488 Mich at 268.

Assuming the absence of a waiver on the issue, however, defendant would not be entitled to relief in any event. MCR 6.112 governs felony informations, and MCR 6.112(C) requires the prosecutor to file the information on or before the date of the arraignment. MCR 6.112(G), however, provides that "[a]bsent a timely objection and a showing of prejudice, a court may not dismiss an information or reverse a conviction because of an untimely filing . . . ."

It is unclear from the lower court record exactly when the prosecutor filed the felony information in the circuit court. As defendant correctly states, the circuit court clerk did not date or stamp the felony information in the lower court file. The bindover packet certification form, however, specifically notes that an "information sheet signed by prosecutor with bar #" was sent to the circuit court reporter and is stamped August 6, 2012—three days before defendant's arraignment in the trial court. Assuming that this bindover packet failed to reach the trial court before defendant's arraignment, or that it never reached the trial court at all, the resulting error was harmless because defendant did not raise a timely objection and has not demonstrated prejudice. See MCR 6.112(G); *Waclawski*, 286 Mich App at 706-707.

Affirmed.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause