*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

WILSHAWN ANTWAUN TALLEY-ELLIS,

      Defendant-Appellant.

UNPUBLISHED
June 23, 2022

No. 357388
Macomb Circuit Court
LC No. 2018-003085-FC

Before: MARKEY, P. J., and SHAPIRO and PATEL, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's resentence judgment following remand from this Court. Because defendant's application for leave to appeal this Court's judgment was pending in our Supreme Court at the time of resentencing, the trial court lacked of subject-matter jurisdiction. We vacate the sentences and remand to the trial court for resentencing.

## I. BACKGROUND

Following a jury trial, defendant was convicted of assault with intent to murder (AWIM), MCL 750.83, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. He was sentenced as a fourth-offense habitual offender to 25 to 50 years imprisonment for his AWIM conviction and two years' imprisonment for his felony-firearm conviction. Defendant appealed his convictions and sentences. This Court affirmed the convictions, but remanded to the trial court for resentencing. *People v Talley-Ellis*, unpublished per curiam opinion of the Court of Appeals, issued October 15, 2020 (Docket No. 349112), p 1. Defendant timely filed an application for leave to appeal with our Supreme Court, which was denied on June 1, 2021. *People v Talley-Ellis*, 507 Mich 954; 959 NW2d 517 (2021).

While defendant's application for leave to appeal was pending, the trial court resentenced defendant. This appeal followed.

## II. STANDARD OF REVIEW

A challenge regarding whether a trial court has subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal. *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994). Whether an error of subject-matter jurisdiction has occurred is a question of law that this Court reviews de novo. *People v Washington*, 508 Mich 107, 121; 972 NW2d 767 (2021).

## III. LAW AND ANALYSIS

Defendant argues that his May 2021 resentencing is void *ab initio* because the trial court lacked subject-matter jurisdiction. We agree.

Defendant's initial claim of appeal divested the trial court of subject-matter jurisdiction over the convictions and sentences. *Washington*, 508 Mich at 126. A trial court does not regain jurisdiction of a case after appeal to this Court until after the time to file an application for leave to appeal to the Supreme Court has lapsed or, if a timely application is filed, after the Supreme Court adjudicates the appeal. *Id.*, MCR 7.302(C)(5). While a timely application for leave to appeal is pending in the Supreme Court, "a Court of Appeals decision remanding to a lower court for further proceedings is automatically stayed, unless the Court of Appeals or [our Supreme] Court orders otherwise." *People v Swafford*, 483 Mich 1, 6 n 5; 762 NW2d 902 (2009), citing MCR 7.302(C)(5).

When this Court rendered its 2020 judgment, which included a remand for resentencing, jurisdiction remained with the appellate courts until after the Supreme Court's disposition of defendant's application for leave to appeal. MCR 7.215(F)(1)(a); MCR 7.305(C)(6)(a); *Washington*, 508 Mich at 126-127. Our Supreme Court denied defendant's leave application on June 1, 2021. *People v Talley-Ellis*, 507 Mich at 954. The trial court therefore lacked subject-matter jurisdiction when it resentenced defendant in May 2021 while his Supreme Court application for leave to appeal was still pending. *Washington*, 508 Mich at 127. "It is a longstanding rule that defects in a court's subject-matter jurisdiction render a judgment void *ab initio*." *Id.* at 129. Accordingly, the May 2021 judgment of resentencing is void.

## IV. CONCLUSION

We vacate the sentences and remand to the trial court for resentencing consistent with this Court's October 2020 judgment. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Douglas B. Shapiro
/s/ Sima G. Patel