# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

PEOPLE v SMITH

Docket No. 147187. Argued April 2, 2014 (Calendar No. 2). Decided June 18, 2014.

Ryan C. Smith was charged in the Wayne Circuit Court with carrying a concealed weapon without a permit (CCW) in violation of MCL 750.227. Defendant pleaded guilty to a reduced charge of attempted CCW on May 12, 2011. At sentencing, defense counsel urged the court to delay sentencing for one year under MCL 771.1(2), but the prosecutor objected to a delayed sentence and asked that defendant be sentenced to probation in accordance with the plea agreement. The court, Vera Massey-Jones, J., expressing concern that a felony conviction would limit defendant's employment opportunities, asked the parties to file sentencing memoranda and return to court to discuss whether delayed sentencing would be appropriate. The court noted its desire to delay sentencing for one year and a day, at which point it would have lost jurisdiction over the case. When the parties returned to court, the court announced that it would delay the sentencing for one year and stated on the record that it was scheduling defendant's sentencing for June 15, 2012, which would have occurred within the one-year statutory period. However, the order signed that day, as well as the entry in the register of actions, reflected that the court had actually scheduled defendant's sentencing for June 18, 2012, precisely one year and one day later. At sentencing on that date, over the prosecutor's objection, the court refused to sentence defendant and dismissed the case entirely, citing its lack of jurisdiction. The prosecutor filed a delayed application for leave to appeal in the Court of Appeals, arguing that MCL 771.1 did not permit dismissal of the case. The Court of Appeals denied the prosecutor's delayed application for leave to appeal in an unpublished order issued May 7, 2013 (Docket No. 312242). The Supreme Court granted the prosecutor's application for leave to appeal. 495 Mich 858 (2013).

In an opinion by Chief Justice YOUNG, joined by Justices MARKMAN, KELLY, ZAHRA, MCCORMACK, and VIVIANO, the Supreme Court *held*:

MCL 771.1(2) does not divest a sentencing judge of jurisdiction if a defendant is not sentenced within one year after the imposition of a delayed sentence. The one-year limitation MCL 771.1(2) places on the period in which a court may delay sentencing designates the maximum amount of time that sentencing may be delayed in order to provide defendant the chance to establish his worthiness of leniency. After one year, sentencing may no longer be delayed for that purpose, and the judge is required to sentence defendant as provided by law. Previous Court of Appeals cases were overruled to the extent they held that a court may not sentence a defendant if the one-year period of delay was exceeded.

Dismissal reversed; conviction reinstated; case remanded to the Wayne Circuit Court for sentencing by a different judge.

Justice CAVANAGH concurred in the result only.

©2014 State of Michigan

# Opinion

Chief Justice:          Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                        Stephen J. Markman
                        Mary Beth Kelly
                        Brian K. Zahra
                        Bridget M. McCormack
                        David F. Viviano

FILED June 18, 2014

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

No. 147187

RYAN CHRISTOPHER SMITH,

Defendant-Appellee.

BEFORE THE ENTIRE BENCH

YOUNG, C.J.

The issue to be determined in this case is whether MCL 771.1(2) divests a sentencing judge of jurisdiction if a defendant is not sentenced within one year after the imposition of a delayed sentence. We hold that it does not.

The unambiguous language of the statute provides that the court may delay sentencing "for not more than 1 year to give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of

justice and the defendant's rehabilitation . . . ."[1]  The one-year limitation designates the maximum amount of time that sentencing may be delayed in order to provide defendant the chance to establish his worthiness of leniency.  After one year, sentencing may no longer be delayed for that purpose, and the judge is required to sentence defendant as provided by law.

Court of Appeals caselaw holding that a court may not sentence a defendant if the one-year period of delay is exceeded is overruled.  We reverse the trial court's dismissal of the case, reinstate defendant's conviction, and remand to Wayne County Circuit Court for sentencing.  Upon remand, the matter is to be assigned to a different judge.

## I.  FACTS AND PROCEDURAL HISTORY

On February 10, 2011, defendant was a passenger in an automobile that was stopped by the police for a traffic violation.  As defendant exited the vehicle, officers observed defendant drop a silver automatic handgun into the map pocket of the car door and quickly close the door.[2]  After establishing that defendant did not possess a permit to carry a concealed weapon, he was arrested and subsequently charged with the crime of carrying a concealed weapon (CCW) in violation of MCL 750.227.  Defendant, age 21 at the time, was a college student with no prior criminal history.

---

[1] MCL 771.1(2).

[2] An investigation revealed that the handgun had been previously stolen from a nearby police department.

The prosecutor permitted defendant to plead guilty to the reduced charge of attempted CCW[3] and recommended a probationary sentence. Defendant tendered his guilty plea on May 12, 2011. At sentencing, defense counsel urged the court to delay sentencing for one year, at which time defendant would be "very close to graduating from college" and the prosecutor's office might change its mind and either dismiss the case entirely or permit defendant to plead guilty to a misdemeanor. The prosecutor objected to a delayed sentence and asked that defendant be sentenced to probation. The trial court expressed concern that defendant would "end up with a felony," thus limiting his employment opportunities. The court asked the parties to file sentencing memoranda and return to court to discuss whether delayed sentencing would be appropriate. Expressing its unhappiness with the prosecutor's position, the court stated that it would consider "the delayed sentence with one day over a year; then [the court] would have lost jurisdiction."[4]

The parties returned to court on June 17, 2011. Defense counsel requested that sentencing be delayed for one year under MCL 771.1 to give defendant the opportunity to show that he deserved "significant leniency" from the court. The prosecutor continued to object to delayed sentencing, stating that the prosecutor's office did not intend to reduce the criminal charge any further. The trial court stated that it found it "disturb[ing]" that the prosecutor opposed letting defendant's sentence "go a day over 365 days," which would allow defendant to "end[] up with no record" because the court would "lose

---

[3] MCL 750.227; MCL 750.92.

[4] It was obvious from the beginning that the trial judge did not like the prosecutor's position and was entertaining ways of avoiding sentencing the defendant for the crime to which he had pleaded guilty.

jurisdiction."[5] The trial court announced that it would exercise its discretion and delayed the imposition of defendant's sentence for one year. On the record, the trial court scheduled defendant's sentencing for June 15, 2012, which would have occurred within the one-year statutory period. However, consistent with statements the trial judge had made on the record that she desired to "lose" jurisdiction in the case, the order signed that day, as well as the entry in the Register of Actions, reflect that the court scheduled defendant's sentencing for June 18, 2012—precisely one year *and one day later*.

At sentencing, defense counsel reminded the judge that delayed sentencing was sought so that defendant could prove "he was worthy of a dismissal." Counsel noted that defendant had complied with all court conditions, paid all fines and costs, and would graduate from college. Abruptly interrupting defense counsel's colloquy, the trial court stated that defendant's sentencing was "past a year," meaning that the court had "lost jurisdiction." Over the prosecutor's objection, the trial court not only refused to sentence the defendant, it dismissed the case entirely.

The prosecutor filed a delayed application for leave to appeal with the Court of Appeals, arguing that the trial court had no legal authority to dismiss the case over the prosecution's objections, because MCL 771.1 did not permit dismissal of the case. The

---

[5] The trial court's willingness to circumvent the prosecutor's insistence that the defendant be sentenced to probation for attempted CCW could not be more clear when the trial judge stated that she was unhappy with the prosecutor's position and suggested twice on the record at different hearings that she might schedule the delayed sentence in order to lose jurisdiction under the then prevailing interpretation of MCL 771.1.

4

Court of Appeals issued an order denying the delayed application for leave to appeal for lack of merit.[6] This Court granted leave to appeal.[7]

## II. STANDARD OF REVIEW

The consequences, if any, for a trial court's failure to sentence a defendant within one year pursuant to MCL 771.1 is a question of statutory interpretation that this Court reviews de novo.[8]

The Court's primary responsibility in statutory interpretation is to determine and give effect to the Legislature's intent.[9] The words of a statute are the most reliable indicator of the Legislature's intent and should be interpreted according to their ordinary meaning and the context within which they are used in the statute.[10] Once the Legislature's intent has been discerned, no further judicial construction is required or permitted, as the Legislature is presumed to have intended the meaning it plainly expressed.[11]

---

[6] *People v Smith*, unpublished order of the Court of Appeals, entered May 7, 2013 (Docket No. 312242). Judge MURRAY would have peremptorily reversed the trial court's order of dismissal and reinstated defendant's conviction. He conceded that defendant could not be sentenced pursuant to binding Court of Appeals precedent, but would have "allow[ed] the parties to address the appropriate remedy on remand."

[7] *People v Smith*, 495 Mich 858 (2013).

[8] *People v Koonce*, 466 Mich 515, 518; 648 NW2d 153 (2002).

[9] *Id*.

[10] *People v Morey*, 461 Mich 325, 330; 603 NW2d 250 (1999).

[11] *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001).

## III. ANALYSIS

The statutory provision at issue in this case, MCL 771.1(2), is contained in Chapter XI of the Code of Criminal Procedure, which concerns probation. The statute provides in relevant part:

> (2) In an action in which the court may place the defendant on probation, the court *may delay sentencing the defendant for not more than 1 year* to give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice and the defendant's rehabilitation, such as participation in a drug treatment court . . . . When sentencing is delayed, the court shall enter an order stating the reason for the delay upon the court's records. *The delay in passing sentence does not deprive the court of jurisdiction to sentence the defendant at any time during the period of delay*.[12]

The plain language of the statute permits a trial court to delay sentencing for up to one year for those defendants who are eligible for placement on probation.[13] The purpose of delaying a defendant's sentence pursuant to this statutory provision is entirely for the benefit of the convicted defendant—it is to "give the defendant an opportunity to prove to the court" that he is worthy of "probation or other leniency compatible with the ends of justice" and rehabilitation. Read in its entirety, the statute provides a simple and straightforward time limit, indicating the maximum amount of time the court may delay

---

[12] MCL 771.1(2) (emphasis added).

[13] MCL 771.1(1) delineates the criminal offenses for which a defendant may be placed on probation rather than serve a term of imprisonment. The trial court has the discretion to impose a term of probation for all misdemeanors or felonies with the exception of murder, treason, criminal sexual conduct in the first or third degree, armed robbery, and major controlled substance offenses. The statute further requires that the court make the determination "that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law . . . ."

sentencing in order to give the defendant a chance to prove himself.[14]  The statute also indicates that the imposition of a delayed sentence is not irrevocably binding upon the trial court, in that it does not "deprive the court of jurisdiction to sentence the defendant at any time during the period of delay."[15]

In urging this Court to uphold the actions of the trial court, defendant relies on a series of Court of Appeals cases holding that an unexcused violation of the one-year limit contained in MCL 771.1(2) results in the trial court losing jurisdiction to *sentence* a defendant.[16]  However, the action taken by the trial court in this case was not simply limited to abstaining from sentencing defendant Smith.  There is simply no basis in our law for the trial court to do as it did in this case.  Without citing a scintilla of legal authority, the trial court *dismissed* the case over the objection of the prosecutor.  Aside from flagrantly ignoring contrary Court of Appeals precedent in entirely dismissing the case,[17] the trial court usurped the prosecutor's role in violation of the separation of

---

[14] The language providing that sentencing may be delayed "for *not more than* 1 year" indicates that sentencing could be delayed for a lesser period of time.

[15] Thus, regardless whether defendant's behavior during the period of delay is abhorrent or exemplary, a sentencing judge is not required to wait until the period of delay has elapsed in order to sentence defendant in accordance with the law and dispense whatever leniency the Court is inclined to provide.

[16] See *People v McLott*, 70 Mich App 524; 245 NW2d 814 (1976) (jurisdiction to impose sentence was not lost where the delay was only six days and because the trial court could not be present); *People v Turner*, 92 Mich App 485; 285 NW2d 340 (1979); *People v Dubis*, 158 Mich App 504; 405 NW2d 181 (1987); *People v Boynton*, 185 Mich App 669; 463 NW2d 174 (1990).

[17] MCR 7.215(C)(2). See, *e.g.*, *Boynton* 185 Mich App at 671.  There, the Court of Appeals reversed the trial court's dismissal of charges against defendant, emphasizing "that an unexcused violation of the one-year limit contained in the delayed sentencing

7

powers principles contained in our constitution.[18]   It is axiomatic that the power to determine whether to charge a defendant and what charge should be brought is an executive power, which vests *exclusively* in the prosecutor.[19]  The trial court had no legal basis to trump the prosecutor's charging decision, much less dismiss the case *after* the defendant had pleaded to the charge and had never sought to withdraw his plea.

Furthermore, in so far as the Court of Appeals cases relied upon by defendant have construed MCL 771.1(2) to preclude sentencing when there is a failure to impose a sentence within 365 days of the imposition of a delayed sentence, those cases have incorrectly interpreted the statute.  Nothing in the language of the statute requires this, and the Legislature is certainly capable of explicitly divesting a court of jurisdiction had such a remedy been intended.[20]  Indeed, the only mention of the word "jurisdiction" in the entire statutory provision simply clarifies that a court *retains* its ability to sentence a

---

statute affects *only* the court's authority to sentence the defendant, nothing more."

[18] See Const 1963, art 3, § 2.  "The powers of government are divided into three branches: legislative, executive and judicial.  No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."  The trial judge's oath of office required her to solemnly swear to support the Michigan and federal Constitutions and to faithfully discharge the duties of a circuit court judge.  See MCL 168.420; Const 1963, art 11, § 1.

[19] *Genesee Prosecutor v Genesee Circuit Judge*, 386 Mich 672, 683; 194 NW2d 693 (1972).

[20] See MCL 780.133, which provides the remedy for a violation of MCL 780.131: "In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, *no court of this state shall any longer have jurisdiction thereof*, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."  (Emphasis added.)

8

defendant at any time during the period of delay. The fact that the Legislature explicitly permits a court to sentence defendant at any time during the period of delay simply does not create the affirmative pregnant underlying the rationale of the cases cited by defendant—namely, that the court is not permitted to sentence a defendant outside the period of delay. Thus, in the absence of a clear and unambiguous indication that the Legislature intended that a defendant avoid all punishment as a remedy for not being sentenced within one year when his sentence is delayed under MCL 771.1(2), we decline to impose such a remedy.[21] After the one-year statutory limitation elapses, sentencing may no longer be delayed for the purpose of permitting a defendant the opportunity to prove that he is worthy of leniency, and the judge is required to sentence defendant as provided by law. We overrule *People v McLott*, *People v Turner*, *People v Dubis*, and *People v Boynton* to the extent they hold that a court loses jurisdiction to sentence a defendant as a remedy for a violation of MCL 771.1(2).

This is not to say, however, that there are no limitations on a trial court's ability to delay the imposition of a defendant's sentence. Longstanding Michigan law requires that a defendant be sentenced within a reasonably prompt time as part of defendant's right to a speedy trial.[22] In determining whether a defendant's right to a speedy trial has been

---

[21] See *Lash v Traverse City*, 479 Mich 180, 193; 735 NW2d 628 (2007); *People v Anstey*, 476 Mich 436, 445 n 7; 719 NW2d 579 (2006) ("Because the Legislature did not provide a remedy in the statute, we may not create a remedy that only the Legislature has the power to create.").

[22] See *People v Kennedy*, 58 Mich 372, 376-377; 25 NW 318 (1885); *People v McIntosh*, 103 Mich App 11, 20-21; 302 NW2d 321 (1981); *People v Bracey*, 124 Mich App 401; 335 NW2d 49 (1983). See also MCR 6.425(E)(1) ("The court must sentence defendant within a reasonably prompt time after the plea or verdict unless the court delays

9

violated, a four-part balancing test is used that considers (1) the length of delay, (2) the reason for the delay, (3) defendant's assertion of his right, and (4) prejudice to the defendant.[23]

Applying those factors to the facts of this case does not indicate that defendant's speedy trial rights were violated. Regarding the first factor, the length of the delay was a mere *one day* past the one-year limitation contained in MCL 771.1(2). Second, the reason for the delay, as can be inferred from the record before us, was a calculated effort by the trial court to circumvent the law[24] and avoid the charging decision of the prosecutor in order to spare defendant the consequences of acquiring a criminal record. Third, defendant makes no claim, and the record does not reveal, any indication that defendant ever asserted his desire to be sentenced before the one-year period of delay had elapsed. Indeed, such an assertion would have been antithetical to defense counsel's stated goal of having the case dismissed. Lastly, defendant makes no claim that he has been prejudiced by the one-day delay in sentencing. In short, application of the relevant factors militates against the conclusion that defendant's speedy trial rights were violated.

## IV. CONCLUSION

Because the plain language of MCL 771.1(2) does not deprive a sentencing judge of jurisdiction if a defendant is not sentenced within one year after the imposition of a

---

sentencing as provided by law.").

[23] *People v Chism*, 390 Mich 104, 111; 211 NW2d 193 (1973); *Barker v Wingo*, 407 US 514, 530; 92 SCt 2182; 33 L Ed 2d 101 (1972).

[24] *In re Justin*, 490 Mich 394; 809 NW2d 126 (2012).

delayed sentence, we overrule the Court of Appeals decisions in *People v McLott*, *People v Turner*, *People v Dubis*, and *People v Boynton* to the extent they hold otherwise. We reverse the trial court's dismissal of the case, reinstate defendant's conviction, and remand to the Wayne County Circuit Court for sentencing.

Because the trial judge in this case demonstrated overt hostility to the prosecution of this case by manipulating the scheduling of sentencing in order to thwart the prosecutor's charging decision and by entirely dismissing the case, thereby exceeding even the scope of incorrectly decided Court of Appeals precedent, we remand for sentencing before a different judge.

Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

Cavanagh, J., concurred in the result only.

11