# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* ESTATE OF CHANDU MANSHARAMANI.

---

SAVITRI BHAMA, Personal Representative of the
ESTATE OF CHANDU MANSHARAMANI,

       Appellee,

v

RITA MANSHARAMANI and KARUNA
MANSHARAMANI,

       Appellants.

UNPUBLISHED
December 21, 2017

No. 338045
Macomb Probate Court
LC No. 2014-214598-DE

---

*In re* ESTATE OF CHANDU MANSHARAMANI.

---

RITA MANSHARAMANI and KARUNA
MANSHARAMANI,

       Plaintiffs-Appellants,

v

DR. SAVITRI BHAMA, SITU SHIVDASANI,
NEIL HIRO MANSHARAMANI, HIRO S.
MANSHARAMANI, SIDNEY R. BORDERS, and
INDRA H. MANSHARAMANI,

       Defendants-Appellees.

No. 338413
Macomb Probate Court
LC No. 2014-214598-DE

---

Before: TALBOT, C.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

In Docket No. 338045, appellants, Rita Mansharamani (Rita) and Karuna Mansharamani (Karuna) (referred to collectively as appellants), appeal as of right an order denying their petition

-1-

to remove appellee, Savitri Bhama (Bhama), as the personal representative of the estate of Chandu Mansharamani (Chandu). In Docket No. 338413, appellants filed a complaint for superintending control related to the same underlying case; this Court considered the complaint for superintending control as an application for leave to appeal, granted leave, and consolidated the case with the appeal in Docket No. 338045. *In re Mansharamani Estate*, unpublished order of the Court of Appeals, entered June 21, 2017 (Docket No. 338413). For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

July 9, 2013, Chandu died at the age of 83 leaving all of his property to his revocable living trust pursuant to his will, which was executed in 2008. Chandu was unmarried when he died; his daughter, Rita, was Chandu's only child. In his will, Chandu nominated his sister, Bhama, as the personal representative of his estate. After Chandu died, Bhama accepted the appointment and became personal representative of the estate. According to a January 20, 2017 notice of continued administration signed by Bhama, the estate remained under continued administration because "[t]he assets of the Estate need to be distributed to the beneficiaries of the Estate and final income tax returns need to be filed." Rita was identified as the only "interested person[]" on the above notice, and a copy of the notice was served on Rita.

On March 3, 2017, Rita and her mother, Karuna (who was also Chandu's former wife), representing themselves, filed a one-page petition on a court form that included order language at the bottom allowing the court to indicate that it was granting, denying, dismissing, or granting in part the petition; the petition was entitled "petition and order to remove personal representative." The phrase "to remove personal representative" was handwritten on the form after the "petition and order" language on the form. In the fact section of the petition, appellants stated:

> Request to close Trust/Estate Account of Deceased Parent Chandu Mansharamani whose Trustee is not responding to 3 letters sent to her & attorney-Jan 25, 2017, Feb 6, 2017 & Feb 23, 2017 & specifically to questions asked in the past and not responding to my phone messages left on Feb 7, 2017, Feb 12, 2017, Feb 13, 2017 & Feb 18, 2017. The account balances for Rita & Karuna Mansharamani seem to be inaccurate for unknown reasons & increasing. Case transfer to Ingham County.

In a section of the petition titled "I request that[,]" appellants stated:

> Trust/Estate Account be CLOSED for Rita & Karuna Mansharamani who are primary beneficiaries under Trust/Estate account of Deceased Chandu Mansharamani. The account balances have been increased through unknown sources & every transaction taken place from my accounts need to be explained & this is precautionary measure to prevent any suspicious & unwanted activities from our share accounts/Estate that have and may take place anytime in future.

Appellants filed in the probate court copies of letters that Rita sent to Bhama's attorney, Sidney R. Borders, who is named as a defendant in the complaint for superintending control filed in Docket No. 338413. In these letters, Rita asked numerous questions, including questions

-2-

about why certain undisclosed monies were being added to the trust account, whether the trust was funded with these monies from the inception of the trust, and why the trust account should not be closed. Appellants asked whether other beneficiaries of the trust had collected their shares of monies from the trust, how much Borders had been paid in fees, and about the possibility of withdrawing all monies from the trust and closing the trust to avoid paying fees to Borders.

A hearing on appellants' petition was held on April 3, 2017; Rita was the only party to appear in court. After reading the petition language into the record, the probate court stated, "That doesn't make sense. What…are you asking the Court to do?" Rita indicated that she wanted the trust account to be closed because Borders and Bhama had not responded to Rita's letters, expressed her concerns about suspicious transactions and activities related to the trust account, and stated that she wanted Borders to respond to her concerns. The probate court noted that the petition was for the removal of the personal representative, and the probate court asked Rita who she wanted to serve as personal representative of the estate in place of Bhama. Rita provided what can best be characterized as an incomprehensible answer.

The probate court denied the petition. In doing so, the probate court noted that appellants were "asking for a whole bunch of stuff" and that "I cannot gather from what you have written here what it is that you want me to do." The probate court treated the petition as essentially requesting the removal of Bhama as personal representative, and it explained that the request was being denied because appellants had presented no evidence to justify removing the personal representative. The probate court also stated:

> If an attorney brought this to me I would have to say counsel, this is making no sense, I can't sign an order like this. This is totally in an improper form. And because I would have to say that to an attorney I have to unfortunately say it to you.

On April 20, 2017, in Docket No. 338045, appellants filed their claim of appeal from the probate court's order denying the petition to remove the personal representative. On May 15, 2017, in Docket No. 338413, appellants filed a complaint for superintending control in this Court against defendants, Bhama, Borders, Situ Shivdasani, Neil Hiro Mansharamani, Hiro S. Mansharamani, and Indra H. Mansharamani.[1] The complaint for superintending control requested that this Court order the following:

> 1) Financial relief claim as per docketing statement[;]

> 2) Closure to Trust & Estate account of Chandu Mansharamani (Deceased)[;]

---

[1] The record is not well developed regarding who all of these individuals are, but resolution of the issue raised on appeal does not require further inquiry into the roles of each of these individuals in this case.

-3-

3) Stoppage to spy satellite torture & to be removed permanently from our house & wherever we go from following us[;]

4) Stoppage to defamation being done by others known & unknown police to find out & stop[.]

As previously stated, this Court treated the complaint for superintending control as an application for leave to appeal, granted the application, and consolidated the case with the appeal in Docket No. 338045.

## II. ANALYSIS

In a single brief encompassing both of these appeals, appellants seemingly present arguments challenging the probate court's denial of their petition to remove Bhama as the personal representative of Chandu's estate. A probate court's decision whether to remove a personal representative is reviewed for an abuse of discretion. *In re Kramek Estate*, 268 Mich App 565, 576; 710 NW2d 753 (2005). "An abuse of discretion occurs when a court chooses an outcome outside the range of principled outcomes." *Baynesan v Wayne State Univ*, 316 Mich App 643, 651; 894 NW2d 102 (2016).

An appellant who proceeds *in propria persona* is generally held to the same standards as attorneys. *Baird v Baird*, 368 Mich 536, 539; 118 NW2d 427 (1962); *Totman v Royal Oak Sch Dist*, 135 Mich App 121, 126; 352 NW2d 364 (1984). Accordingly, a litigant who decides to proceed without counsel is "bound by the burdens that accompany such election." *Hoven v Hoven*, 9 Mich App 168, 174; 156 NW2d 65 (1967). "An appellant may not merely announce a position [and] then leave it to this Court to discover and rationalize the basis for the appellant's claims; nor may an appellant give an issue only cursory treatment with little or no citation of authority." *Cheesman v Williams*, 311 Mich App 147, 161; 874 NW2d 385 (2015). This Court also "will not search for authority to sustain or reject a party's position." *Id*. (quotation marks and citations omitted). Appellants' arguments on appeal are confusing, disjointed, and difficult to follow. Moreover, appellants have failed to cite any case law or other authority in support of their arguments. Therefore, we conclude that appellants have abandoned their appellate arguments. *Id*.; see also *Prince v MacDonald*, 237 Mich App 186, 197; 602 NW2d 834 (1999) (explaining that "where a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned").

However, even if we were to examine the arguments as we understand them, we find that the probate court did not abuse its discretion in denying appellants' petition to remove Bhama as the personal representative of Chandu's estate. MCL 700.3611(1) provides in relevant part that "[a]n interested person may petition for removal of a personal representative for cause at any time." MCL 700.3611(2) sets forth the circumstances in which a court may remove a personal representative:

(2) The court may remove a personal representative under any of the following circumstances:

(a) Removal is in the best interests of the estate.

-4-

(b) It is shown that the personal representative or the person who sought the personal representative's appointment intentionally misrepresented material facts in a proceeding leading to the appointment.

(c) The personal representative did any of the following:

(*i*) Disregarded a court order.

(*ii*) Became incapable of discharging the duties of office.

(*iii*) Mismanaged the estate.

(*iv*) Failed to perform a duty pertaining to the office.

In this case, appellants have not identified any statutory ground under which they believe Bhama could be removed as the personal representative. In their petition and at the hearing on the petition, appellants alleged that Bhama and her attorney, Borders, did not respond to letters and phone messages. Appellants claimed that the account balances in the trust were inaccurate and increasing from unknown sources. Appellants suggested that there were suspicious activities occurring with respect to the trust and the estate. Despite being given an opportunity to do so at the court hearing, appellants presented no witnesses or evidence in support of these assertions.[2] Therefore, even assuming that the allegations in the petition could fall within one of the statutory grounds for removal of a personal representative (such as that removal was in the best interest of the estate or that Bhama was mismanaging the estate), the probate court's denial of the petition fell within the range of principled outcomes because appellants failed to present any evidence in support of their allegations. *Baynesan*, 316 Mich App at 651.

In their appellate brief, appellants also suggest that the probate court hearing was "fraudulent" because Bhama and Borders did not attend the hearing. Appellants cite no authority to support this assertion, nor do they offer any analysis explaining how the absence of Bhama and Borders from the hearing rendered the hearing fraudulent. Appellants had an opportunity at the hearing to present any witnesses or evidence in support of their allegations, and the absence of Bhama and Borders did not prevent appellants from presenting evidence or making arguments.[3] Also, appellants make numerous assertions in their appellate brief that are difficult

---

[2] Appellants provided copies of letters sent to Borders, but there is no evidence that Borders failed to respond as appellants claim.

[3] It is also unclear whether appellants served the petition and notice of the hearing on Bhama, Borders, and other interested persons. See MCL 700.3611(1) (requiring the petitioner to "give notice to the personal representative and to other persons as the court orders"). Although the lower court file contains a document entitled "proof of service" purporting to show that appellants served the petition and proposed order on Bhama and Borders by priority United States mail, the probate court stated during the hearing that "[t]here's . . . a note that the parties were not mailed notice of hearing." We do not find such a note in the lower court file, but appellants fail to address or dispute the probate court's comment indicating that proper service of

to understand and for which they presented no evidence below. These arguments include assertions that the trust document was fraudulently replaced and that various alleged criminal, political, and espionage activities are somehow related to this case. Appellants' uncorroborated assertions provide no ground to conclude that the probate court's denial of their petition constituted an abuse of discretion.

Finally, petitioners make numerous unsubstantiated allegations regarding Borders' purported actions related to the estate and trust, and petitioners ask this Court to pursue criminal charges as well as a suspension of Borders' license to practice law. However, the courts are not the proper forum for these complaints. Any allegations of criminal activity should be directed to the police or a prosecutor. See *People v Smith*, 496 Mich 133, 141; 852 NW2d 127 (2014) ("It is axiomatic that the power to determine whether to charge a defendant and what charge should be brought is an executive power, which vests *exclusively* in the prosecutor."). And any request for professional discipline against an attorney should be directed to the Attorney Grievance Commission rather than this Court. See MCR 9.108(A) ("The Attorney Grievance Commission is the prosecution arm of the Supreme Court for discharge of its constitutional responsibility to supervise and discipline Michigan attorneys . . . .").

Affirmed. Appellees having prevailed, may tax costs. MCR 7.219(A).

/s/ Michael J. Talbot
/s/ Stephen L. Borrello
/s/ Michael J. Riordan

---

notice of the hearing was not effectuated. In any event, even if proper service was effectuated, appellants' arguments lack merit for the reasons discussed in this opinion.