*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re K BAUGHMAN, Minor.

UNPUBLISHED
July 15, 2021

No. 355875
Berrien Circuit Court
Family Division
LC No. 2019-000006-NA

Before: RONAYNE KRAUSE, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

Respondent[1] appeals by right the trial court's order terminating his parental rights to his minor child, KB. On appeal, respondent does not challenge whether statutory grounds for termination existed or whether termination was in the child's best interests. Rather, respondent only argues that KB's lawyer-guardian ad litem (LGAL) provided ineffective assistance of counsel. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

KB was born prematurely in September of 2018. In January 2019, petitioner, the Michigan Department of Health and Human Services (DHHS), filed a petition alleging unfit living conditions and substantial risk of harm to KB, and seeking the removal of KB from the home. Respondent pleaded no-contest to the allegations in the petition regarding his domestic violence, substance abuse, and unsafe home conditions. The trial court exercised jurisdiction over KB, who was placed in non-relative foster care. Several dispositional and review hearings were held between February 2019 and October, 2020. Respondent was incarcerated during that time and generally declined to participate in the hearings. In August 2020, DHHS filed a supplemental petition against respondent seeking termination of his parental rights. On October 22, 2020, the trial court held a termination hearing, after which it terminated father's parental rights under MCL 712A.19b(3)(c)(*i*) and (3)(j). This appeal followed.

---

[1] Respondent is KB's father. KB's mother was a respondent in the proceedings below, and her parental rights to KB were also terminated. However, she is not a party to this appeal.

## II.  STANDARD OF REVIEW

We determine de novo as an issue of law whether a party has standing to appeal.  *Mich Ed Ass'n v Superintendent of Pub Instruction*, 272 Mich App 1, 4; 724 NW2d 478 (2006).

## III.  ANALYSIS

Respondent lacks standing to raise on appeal the issue of the LGAL's effectiveness.

The right to effective assistance of counsel is a constitutional right, guaranteed by both the United States and Michigan Constitutions.  See US Const Am VI; Const 1963, art 1, § 20; *People v Pubrat*, 451 Mich 589, 594: 548 NW2d 595 (1996).  "[T]he principles of effective assistance of counsel developed in the context of criminal law apply by analogy to child protective proceedings."  *In re EP*, 234 Mich App 582, 598; 595 NW2d 167 (1999), overruled on other grounds by *In re Trejo*, 462 Mich 341; 612 NW2d 407 (2000).

Michigan law requires that a LGAL be appointed for the child or children in child-protective proceedings.  See MCL 712A.17c(7) ("In a proceeding under section 2(b) or (c) of this chapter, the court shall appoint a lawyer-guardian ad litem to represent the child.  The child shall not waive the assistance of the lawyer-guardian ad litem.").  The LGAL's duty to provide effective assistance of counsel is a duty to the child, not the parents; in other words, the child possesses a constitutional right to the effective assistance of a LGAL during child protective proceedings.  See *EP*, 234 Mich App at 598; *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009).  "[C]onstitutional protections are generally personal.  They cannot be asserted vicariously, but rather only at the instance of one whose own protection was infringed . . . ."  *People v Smith*, 420 Mich 1, 17; 360 NW2d 841 (1984) (quotation marks and citation omitted).  This Court has specifically held that the right to the effective assistance of a LGAL "is personal to the child and respondent may not assert it on behalf of the child."  *EP*, 234 Mich App at 598; see also *HRC*, 286 Mich App at 458 (noting that "this Court has held that a respondent in a child protective proceeding lacks standing to challenge the effectiveness of the child's attorney").

In this case, respondent acknowledges that, under our existing caselaw, he lacks standing to assert an ineffective assistance of counsel claim on behalf of KB, but nonetheless asks this Court to disregard our previous opinions.  We decline to do so.  A published opinion of this Court has precedential effect under the rule of stare decisis and binds lower courts and tribunals.  MCR 7.215(C)(2); see *People v Smith*, 496 Mich 133, 140 n 17; 852 NW2d 127 (2014).  Similarly, published opinions issued on or after November 1, 1990, bind subsequent panels of this Court.  See MCR 7.215(J)(1).  Accordingly, because respondent does not have standing, we need not address the merits of his claim.  See *EP*, 234 Mich App at 598.[2]

---

[2] Respondent has not specifically requested that we declare a conflict with *EP* and *HRC* under MCR 7.215(J)(2), but to the extent that his argument can be read as requesting that we declare such a conflict, we decline to do so.  Respondent's brief on appeal makes conclusory statements about the alleged failures of the LGAL without any citation to the record, in violation of

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

---

MCR 7.212(C)(7). Further, respondent makes no substantial argument concerning why this Court should declare a conflict with long-standing precedent, other than stating that our precedent "essentially precludes the claim [of ineffective assistance of a LGAL] from being raised at all." Respondent's conclusory statements, combined with the absence or near-absence of factual support, legal support, or meaningful argument, see *Ewald v Ewald*, 292 Mich App 706, 726; 810 NW2d 396 (2011), do not persuade us to declare a conflict with *EP* and *HRC*.